

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-21-2006

# Boyd v. Smith

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2658

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Boyd v. Smith" (2006). *2006 Decisions.* Paper 165.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/165

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-2658
_____

TERRANCE BOYD,

Appellant

v.

JOSEPH SMITH

_____
On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 06-00802)
District Judge: Honorable James M. Munley

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
October 13, 2006

Before: CHIEF JUDGE SCIRICA, WEIS AND GARTH, CIRCUIT JUDGES.

(Filed:  November 21, 2006)

_____

OPINION
_____

PER CURIAM

In 1997, in the United States District Court for the District of Rhode Island,

Terrance Boyd was convicted of a violent crime (murder) in aid of racketeering activity,

in violation of 18 U.S.C. § 1959(a)(1) and 18 U.S.C. § 2. Boyd was sentenced to life imprisonment. After Boyd's conviction and sentence were affirmed in 1999, Boyd moved for relief under 28 U.S.C. § 2255. This motion was denied, as were a subsequent motion under Federal Rule of Civil Procedure 60(b), a 28 U.S.C. § 2241 petition for writ of habeas corpus, and a *coram nobis* petition.

Boyd, who is currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania, proceeded to file another petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 with the United States District Court for the Middle District of Pennsylvania. This petition, and the District Court's dismissal thereof, are the subject of this appeal.

In his § 2241 petition, Boyd argues that § 2255 would be an inadequate or ineffective remedy for him because his claim is not based on newly discovered evidence or a new rule of constitutional law. Instead, he alleges that he was unable to raise a claim that his jury was not selected from a representative cross section of the community (and that the district court erred by not conducting a hearing on this issue) in his prior § 2255 motion because the census statistics necessary to support such a claim were not available until after his initial § 2255 motion was due. He further contends that his trial counsel was ineffective because he failed to request fees for expert investigation work and census statistics under 18 U.S.C. § 3006A.

Motions pursuant to § 2255 "are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the

2

Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citation omitted). Unless a § 2255 motion would be "inadequate or ineffective," a habeas corpus petition under § 2241 cannot be entertained by the court. Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). Section 2255 is not inadequate or ineffective merely because a petitioner is unable to meet its stringent gatekeeping requirements. See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). Rather, the "safety-valve" provided under § 2255 is extremely narrow, and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for actions later deemed to be non-criminal by an intervening change in law. See Okereke, 307 F.3d at 120.

Boyd's claims fall within the purview of § 2255 because they challenge the validity of his conviction. We agree with the District Court that Boyd has not demonstrated that § 2255 is an "inadequate or ineffective" remedy under the circumstances presented here. Boyd does not challenge his conviction on the ground that an intervening change in the law has rendered his actions non-criminal. See id. at 120-21 (section 2255 not "inadequate or ineffective" where petitioner challenged sentence based on intervening decision in Apprendi v. New Jersey, 530 U.S. 466 (2000)).

For these reasons, we agree with the District Court's conclusion that it could not entertain Boyd's petition. We will, therefore, summarily affirm the District Court's judgment.

3